# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

ELISE DAVIS                                                                    PLAINTIFF

V.                        NO. 4:19CV00548 LPR-JTR

ANDREW SAUL,
Commissioner of Social Security Administration[1]                DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction:

Appearing *pro se*, Elise Davis ("Davis") applied for disability benefits on September 20, 2016, alleging disability beginning on February 24, 2016. (Tr. at 10). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 20). The Appeals Council denied Davis's request for review. (Tr.

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner. Davis has filed a Complaint seeking judicial review from this Court.

For the reasons stated below, the Court concludes that the Commissioner's decision should be affirmed.

## II. **The Commissioner's Decision:**

The ALJ found that Davis had not engaged in substantial gainful activity since her alleged onset date of February 24, 2016. (Tr. at 12). At Step Two, the ALJ found that Davis had the following severe impairments: anxiety disorder and bipolar disorder. (Tr. at 13).

After finding that Davis's impairments did not meet or equal a listed impairment (Tr. at 13), the ALJ determined that Davis had the residual functional capacity ("RFC") to perform work at all exertional levels, except that: (1) she can have no concentrated exposure to temperature extremes, dust, fumes, humidity, chemicals, or other pulmonary irritants; (2) she can perform work where interpersonal contact is incidental to the work performed; (3) she can perform simple tasks that can be learned in 30 days and which require little independent judgment to perform those tasks; and (4) she can tolerate occasional changes in a routine work setting. (Tr. at 15).

After finding that Davis had no past relevant work, the ALJ relied on the testimony of a Vocational Expert ("VE") to conclude that, based on Davis's age,

education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, including work as a cook's helper and a price tag ticketer. (Tr. at 19). Thus, the ALJ found that Davis was not disabled. *Id*.

## III. <u>Discussion</u>:

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial

3

evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

    B.   Davis's Arguments on Appeal

Davis contends that substantial evidence does not support the ALJ's decision to deny benefits. She claims, in vague fashion and without citation to facts or law, that she is disabled based on lung cancer, HIV, depression, and bipolar disorder. She argues that she met Listings 12.04, 12.06 and "perhaps 14.09 and many more." (Doc. No. 16, p. 2); *See Adult Listing of Impairments*, 20 C.F.R. Part 404, Subpart P, App'x 1. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Davis admitted at the hearing that she did not have lung cancer, but her doctors had advised her she has COPD. (Tr. 104). On March 12, 2016, she had a normal heart and lung examination. (Tr. at 372). She did not require aggressive treatment for lung problems. She admitted to smoking for many years. (Tr. at 103).

While Davis alleged she has HIV, she also said that tests for the illness were negative. (Tr. at 98). No doctor diagnosed HIV, and Davis has received no treatment for HIV. *See Smith v. Shalala*, 987 F.2d 1371, 1374-75 (8th Cir. 1993)(when a claimant has not treated his anxiety, the ALJ is justified in ruling out anxiety as an impairment).

4

Davis was hospitalized twice for depression and bipolar symptoms. On March 8, 2016, she presented to Texana Center Behavioral Healthcare with homicidal and suicidal ideations. (Tr. at 390-448). She was depressed and had racing thoughts and rapid speech. (Tr. 437). By March 10, 2016, Davis's mood was better and she was less depressed. (Tr. at 421-425). On March 11, 2016, she felt better and was no longer suicidal. (Tr. at 416). Discharge notes on March 15, 2016 indicated she was sleeping better, had a good appetite, and had a stable mood. (Tr. at 391). She said that psychiatric medications were working. *Id*. Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

On October 29, 2016, Davis presented to UAMS with depression, paranoia, and suicidal ideation. (Tr. at 607-612). She refused medication. *Id*. During the course of her five-day stay, she attended group therapy which helped. *Id*. By November 3, 2016, she was psychiatrically stable and ready for discharge. *Id*. Davis did not pursue outpatient psychiatric services, and she was not always compliant with taking medication for mental health issues. (Tr. at 100). When she did take medication, she said they were effective. (Tr. at 636). At doctor's visits in March 2017 and November 2018, mental status examinations were normal. (Tr. at 733, 919).

Davis said she could not prepare meals, but she could do laundry, read, watch

5

TV, and participate in a grieving therapy group. (Tr. at 107, 332-336). She also could use public transportation and manage her finances. *Id.* Such daily activities undermine her claims of disability. *Shannon v. Chater, 54 F.3d 484, 487 (8th Cir. 1995)*

No doctor offered an opinion that mental illness significantly limited Davis. The Disability Determination Services reviewing doctor found she had non-severe mental impairments. (Tr. at 147). However, the ALJ credited Davis's history of brief hospitalizations and her subjective complaints, and he limited her to simple work.

As for meeting Listings, Davis has not shown that she has two or more marked limitations or one extreme limitation in: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentration, persistence or pace; and (4) adapting or managing oneself. *See* 20 C.F.R. Part 404, Subpart P, App'x 1, §§ 12.04, 12.06. The ALJ considered Davis's daily activities to support his finding that she did not meet these Listings. Davis had no diagnosis or treatment for inflammatory arthritis, so Listing 14.09 was not met. The record of infrequent treatment, positive response to treatment, and lack of functional restrictions offers support for the ALJ's findings. Davis has not shown error on the part of the ALJ.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision that

Davis was not disabled. Davis did not meet a Listing.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that the case be DISMISSED, with prejudice.

DATED this 31st day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE